IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


JOHN EZRA TATUM,
          Plaintiff,

vs.                                                   5:08cv127/RS/MD

DAVID EVANS, GERALD MURRY
J. MICHAELSON,
          Defendants.

---

ORDER and
REPORT AND RECOMMENDATION

      This cause filed pursuant to Title 28 U.S.C. § 1331 or § 1346 or 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint (doc. 1). Plaintiff has also filed a motion for leave to proceed *in forma pauperis*.  Good cause having been shown, this motion shall be GRANTED.

      The allegations in plaintiff's complaint and the attachments thereto reveal that he filed an application for disability insurance benefits and for supplemental security income, both of which were denied.  Plaintiff was represented by David Evans, Esq.  He contends that Mr. Evans did not present all of the facts to the ALJ, Gerald Murry, such that a correct ruling could be made.   He further asserts that the appeals council, headed by J. Michaelson, did not make the right decision because they did not "have or know all of the facts."  Reading between the lines, the pro se plaintiff appears to wish to bring a legal malpractice claim against his attorney, over which this court does not have jurisdiction, and an appeal of the adverse decision in his SSI case, although he has not named the proper

defendants or framed his appeal properly.  The interest of justice suggests that the portion of plaintiff's case attempting to state a claim against counsel for allegedly improper representation of him should be dismissed, and the remainder of his case be construed as an appeal of the Commissioner's adverse decision in his case and allowed to proceed as such.  If plaintiff desires to bring a legal malpractice claim against his attorney, only Florida's state courts have jurisdiction.

A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005); *University of South Alabama v. American Tobacco Co.* 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, and in fact, a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.  *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (quoting *Univ. of S. Ala.*, 168 F.3d at 410).  The burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist.  *Lovern*, 190 F.3d at 654 (citing *Thomas v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed.951 (1942); *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 64 (4th Cir. 1988)).  In this case, the allegations of plaintiff's complaint reveal no discernable basis for federal jurisdiction for a claim over any of the named defendants. In addition, defendants Murry and Michaelson individually would be protected by the doctrine of judicial immunity.  As noted above, liberally construed, plaintiff appears to wish to challenge an adverse decision by the Commissioner, and his case should be allowed to proceed as such.[1]

Accordingly, it is ORDERED:

Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 2) be GRANTED.

---

[1] In making this finding, the court offers no opinion on the timeliness of plaintiff's appeal.

And it is respectfully RECOMMENDED:

That the plaintiff's claims pursuant to § 1983 or § 1331 or 1346 against defendants Evans, Murry and Michaelson  be dismissed.

That the clerk be directed to prepare and issue the marshal's forms for service, and that this case be reclassified and treated henceforth as the appeal of an adverse determination in a social security action.

That MICHAEL J. ASTRUE, Commissioner of Social Security, be substituted as the defendant in this action.


At Pensacola, Florida, this 2nd day of May, 2008.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**




**<u>NOTICE TO THE PARTIES</u>**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **<u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>** A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).